| | | |
|---|---|---|
| **BRITTANY JACKSON,** | : | **Case No. 3-22-cv-00244-MJN-PBS** |
| **Plaintiff,** | : | **Judge Michael J. Newman** |
| | | **(Magistrate Judge Silvain)** |
| **v.** | : | |
| | | **ANSWER OF DEFENDANT** |
| **HARBORCHASE OF BEAVERCREEK,** *et al.*, | : | **HARBOR RETIREMENT** |
| | | **ASSOCIATES LLC** |
| | : | |
| **Defendants.** | | |

Now comes Defendant Harbor Retirement Associates LLC ("Defendant"), by and through counsel, and for its Answer to the Complaint of Plaintiff Brittany Jackson ("Plaintiff") states and alleges as follows:

**FIRST DEFENSE**

1.      Defendant denies the allegations in paragraphs 1, 2, 3, and 4 of Plaintiff's Complaint.

2.      In response to paragraph 5 of Plaintiff's Complaint, Defendant denies that Plaintiff worked for Defendants.  Defendant denies the remaining allegations in paragraph 5 for lack of knowledge sufficient to form a belief as to the truth thereof.

3.      In response to paragraph 6 of Plaintiff's Complaint, Defendant admits that Harbor Retirement Associates LLC is incorporated in Florida with its principal place of business at 958 20th Place, Vero Beach, Florida   32960, United States.   Defendant denies the remaining allegations in paragraph 6.

4.      Defendant denies the allegations in paragraphs 7, 8, and 9 of Plaintiff's Complaint.

5.      In response to paragraph 10 of Plaintiff's Complaint, Defendant admits that Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission.  Defendant denies the remaining allegations in paragraph 10 for lack of knowledge sufficient to form a belief as to the truth thereof.

6.      Defendant denies the allegations in paragraphs 11 and 12 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

7.      Defendant denies the allegations in paragraphs 13 and 14 of Plaintiff's Complaint.

8.      Defendant denies the allegations in paragraphs 15 and 16 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

9.      Defendant denies the allegations in paragraphs 17, 18, and 19 of Plaintiff's Complaint.

10.      Defendant denies the allegations in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, and 38 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

11.      Defendant denies the allegations in paragraphs 39 and 40 of Plaintiff's Complaint.

12.      Defendant denies the allegations in paragraph 41, 42, 43, 44, 45, 46, 47, 48, and 49 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

13.      Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

14.      Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

15.      Defendant denies the allegations in paragraph 52 of Plaintiff's Complaint.

16.     Defendant denies the allegations in paragraphs 53, 54, 55, 56, 57, 58, and 59 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

17.     Defendant denies the allegations in paragraph 60 of Plaintiff's Complaint.

18.     Defendant denies the allegations in paragraphs 61 and 62 of Plaintiff's Complaint.

19.     Defendant admits the allegations in paragraph 63 of Plaintiff's Complaint.

20.     Defendant denies the allegations in paragraphs 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, and 75 of Plaintiff's Complaint.

21.     Paragraphs 76, 77, 78, 79, 80, 81, 82, and 83 of Plaintiff's Complaint do not fully and accurately state the law, and therefore paragraphs 76, 77, 78, 79, 80, 81, 82, and 83 are denied.

22.     Defendant denies the allegations in paragraphs 84 and 85 of Plaintiff's Complaint.

23.     Defendant denies the allegations in paragraphs 86 and 87 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

24.     Defendant denies the allegations in paragraphs 88, 89, 90, 91, 92, 93, 94, 95, and 96 of Plaintiff's Complaint.

25.     Paragraphs 97 and 98 of Plaintiff's Complaint do not fully and accurately state the law, and therefore paragraphs 97 and 98 are denied.

26.     Defendant denies the allegations in paragraph 99 of Plaintiff's Complaint.

27.     Paragraph 100 of Plaintiff's Complaint does not fully and accurately state the law, and therefore paragraph 100 is denied.

28.     Defendant denies the allegations in paragraph 101 of Plaintiff's Complaint.

29.     Paragraph 102 of Plaintiff's Complaint does not fully and accurately state the law, and therefore paragraph 102 is denied.

30.     Defendant denies the allegations in paragraphs 103 and 104 of Plaintiff's Complaint.

31.     In response to paragraph 105 of Plaintiff's Complaint, Defendant incorporates by reference as if fully rewritten herein all averments and responses stated above.

32.     Defendant denies the allegations in paragraphs 106 and 107 of Plaintiff's Complaint.

33.     Defendant denies the allegations in paragraph 108 of Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

34.     Defendant denies the allegations in paragraphs 109, 110, 111, 112, 113, 114, 115, and 116 of Plaintiff's Complaint.

35.     In response to paragraph 117 of Plaintiff's Complaint, Defendant incorporates by reference as if fully rewritten herein all averments and responses stated above.

36.     Defendant denies the allegations in paragraph 118 of Plaintiff's Complaint.

37.     Paragraph 119 of Plaintiff's Complaint does not fully and accurately state the law, and therefore paragraph 119 is denied.

38.     Paragraph 120 of Plaintiff's Complaint does not fully and accurately state the law, and therefore paragraph 120 is denied.

39.     Defendant denies the allegations in paragraphs 121, 122, 123, 124, 125, 126, 127, 128, 129, and 130 of Plaintiff's Complaint.

40.     In response to paragraph 131 of Plaintiff's Complaint, Defendant incorporates by reference as if fully rewritten herein all averments and responses stated above.

41.     Defendant denies the allegations in paragraphs 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, and 142 of Plaintiff's Complaint.

42. In response to paragraph 143 of Plaintiff's Complaint, Defendant incorporates by reference as if fully rewritten herein all averments and responses stated above.

43. Defendant denies the allegations in paragraphs 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, and 155 of Plaintiff's Complaint.

44. Defendant denies all headings and subheadings which are designated by letters or are undesignated by letters or numbers throughout the Complaint.

45. Defendant denies all footnotes in Plaintiff's Complaint for lack of knowledge sufficient to form a belief as to the truth thereof and denies all other allegations in Plaintiff's Complaint not specifically admitted herein.

### SECOND DEFENSE

46. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

47. Plaintiff's claims are barred by the applicable statute of limitations.

### FOURTH DEFENSE

48. Plaintiff has failed to mitigate her damages.

### FIFTH DEFENSE

49. Plaintiff's claims may be barred or reduced under the after-acquired evidence doctrine.

### SIXTH DEFENSE

50. Any acts and/or omissions with respect to Plaintiff were based on legitimate, non-discriminatory reasons and were not a pretext for any unlawful discrimination against Plaintiff based on her alleged disability or religious beliefs.

## SEVENTH DEFENSE

51.     Plaintiff's claims are barred for lack of subject matter jurisdiction.

## EIGHTH DEFENSE

52.     Plaintiff's claims are barred under the doctrines of waiver, forfeiture, and/or estoppel.

## NINTH DEFFENSE

53.     Plaintiff's alleged damages and remedies, if any, are subject to and limited by the provisions of the ADA/ADAAA and Title VII including the cap on damages.

## TENTH DEFENSE

54.     Plaintiff's claim for punitive damages is unconstitutional pursuant to the U.S. and/or Ohio Constitutions.

## ELEVENTH DEFENSE

55.     Plaintiff has failed to exhaust all administrative remedies under Ohio and federal law with respect to some or all of her claims.

## TWELFTH DEFENSE

56.     Plaintiff does not have a disability and had no record of a disability, nor did Defendant regard her as having a disability, as defined under the ADA/ADAAA and/or Ohio law.

## THIRTEENTH DEFENSE

57.     There was no adverse employment action taken against Plaintiff because of her alleged disability.

## FOURTEENTH DEFENSE

58.     Similarly-situated non-disabled persons and those who did not seek medical or religious exemptions from the vaccine mandate were not treated more favorably than Plaintiff.

## FIFTEENTH DEFENSE

59.     Defendant was not Plaintiff's employer.

## SIXTEENTH DEFENSE

60.     Defendant is not the real party in interest.

## SEVENTEENTH DEFENSE

61.     Defendant is not part of an integrated enterprise for purposes of employees at HarborChase of Beavercreek.

## EIGHTEENTH DEFENSE

62.     Plaintiff's requested accommodation constituted an undue hardship and/or undue burden on Defendants, and therefore Defendants were not obligated to accommodate Plaintiff under Ohio or federal law.

## NINETEENTH DEFENSE

63.     Plaintiff's failure to comply with the COVID-19 vaccine mandate posed a direct threat to the health and safety of herself, her co-workers, residents of HarborChase of Beavercreek, and other third parties, and therefore Defendants were not obligated to accommodate Plaintiff under Ohio or federal law.

## TWENTIETH DEFENSE

64.     Plaintiff's alleged damages and remedies, if any, are subject to and limited by the provisions of Ohio Revised Code §§2315.18 and 2315.21.

### TWENTY-FIRST DEFENSE

65.     Plaintiff did not hold a sincere religious belief which conflicted with one of Defendants' employment requirements nor did she inform Defendants about such a conflict.

### TWENTY-SECOND DEFENSE

66.     Plaintiff did not identify or articulate a reasonable accommodation for her medical or religious exemption request nor did she provide any documentation to support such a request.

### TWENTY-THIRD DEFENSE

67.     Defendant hereby gives notice that it intends to rely upon and utilize any other affirmative defense which become available or apparent during the course of discovery and hereby reserves the right to amen this Answer to assert such defenses.

WHEREFORE, having fully answered, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its costs and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief which the Court deems just and appropriate.

Respectfully submitted,

KOHNEN & PATTON LLP

/s/ Anthony J. Caruso
Anthony J. Caruso (0040773 – Ohio)
201 East Fifth Street, Suite 800
Cincinnati, Ohio  45202
tcaruso@kplaw.com
Telephone:     (513) 381-0656
Facsimile:      (513) 381-5823
*Attorney for Defendant Harbor Retirement Associates LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 21, 2022, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Glenn Feagan, Esq.
Deters Law
5247 Madison Pike
Independence, Kentucky 41051
*Attorney for Plaintiff Brittany Jackson*

/s/ Anthony J. Caruso
Anthony J. Caruso

4872-4997-0493